**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SERVSTOR TECHNOLOGIES LLC, | Case No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ATOS SE, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ServStor Technologies LLC ("ServStor" or "Plaintiff"), for its Complaint against Defendant Atos SE ("Atos" or "Defendant") alleges as follows:

**THE PARTIES**

1. ServStor is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Suite 190, Marshall, Texas 75670.

2. Upon information and belief, Defendant Atos is a corporation organized and existing under the laws of France, with its principal place of business located at 40 East Main Street Ste. 610 Bezons, 95877 France, and may be served pursuant to the provisions of the Hague Convention. Atos is a leading manufacturer and seller of computers and server equipment in the world and in the United States. Upon information and belief, Atos does business in Texas and in this Judicial District, directly or through intermediaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On February 14, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,000,010 (the "'010 Patent") entitled "System and Method for Caching Web Pages on a Management Appliance for Personal Computers." A true and correct copy of the '010 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=07000010.

8. On January 11, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,870,271 (the "'271 Patent") entitled "Disk Drive Partitioning

Methods and Apparatus."  A true and correct copy of the '271 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=07870271.

9. On March 13, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,191,274 (the "'274 Patent") entitled "Method and System for Providing Independent Server Functionality in a Single Personal Computer."  A true and correct copy of the '274 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=07191274.

10. On May 18, 2004, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,738,930 (the "'930 Patent") entitled "Method and System for Extending the Functionality of an Environmental Monitor for an Industrial Personal Computer.".  A true and correct copy of the '930 Patent is available at:  https://pdfpiw.uspto.gov/.piw?docid=06738930.

11. On December 18, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,310,750 (the "'750 Patent") entitled "Method and System for Extending the Functionality of an Environmental Monitor for an Industrial Personal Computer."  A true and correct copy of the '750 Patent is available at: https://pdfpiw.uspto.gov/.piw?docid=07310750.

12. ServStor is the sole and exclusive owner of all right, title, and interest in the '010 Patent, the '274 Patent, the '930 Patent, the '750 Patent, and the '271 Patent (collectively, the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.  ServStor also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

13. The Patents-in-Suit generally pertain to systems and methods for use in computer and server storage and structure.

14. The '010 Patent, the '930 Patent, and the '750 Patent generally relate to technology for a system for monitoring and managing server computers. The technology described by the '010 Patent, the '930 Patent, and the '750 Patent was developed by inventors Christopher M. Jensen, David T. Medin, and Matthew J. Poduska at Crystal Group Inc. For example, the technology described in the '010 Patent, the '930 Patent, and the '750 Patent is implemented by functionality within server systems pertaining to monitoring and alarm card functionality.

15. The '274 Patent generally relates to technology for providing independent server functionality for computer peripherals such as, but not limited to, computer and server disk drives. The technology described by the '274 Patent was developed by inventor Matthew J. Poduska at Crystal Group Inc. For example, the technology is implemented by infringing server systems that utilize independent circuit cards.

16. The '271 Patent generally relates to technology for disk drive partitioning of computer peripherals, such as computer and server disk drives. The technology described by the '271 Patent was developed by inventors Charles Frank, Thomas Ludwig, Thomas Hanan, and William Babbitt.

17. Atos has infringed the '010 Patent, the '930 Patent, and the '750 Patent by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products, including server systems and enclosures, that utilize the above technology and associated software that infringes the Patents-in-Suit. Atos has also infringed the '010 Patent, the '930 Patent, and the '750 Patent by making, using, selling, offering to sell, and/or

importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products, including servers, that utilize drive technology and associated software that infringes the '010 Patent, the '930 Patent, and the '750 Patent.  Such Atos products include Atos servers, such as the BullSequana servers, including, but not limited to, BullSequana S series, BullSequana M series, BullSequana X series, Escala series, and BullSequana Edge series servers, as well as the Atos Edge Data Container.  Upon information and belief, these infringing Atos server products further include management modules, working with a Baseboard Management Controller to provide remote management capabilities.

18. Atos has infringed and is continuing to infringe the '271 Patent and the '274 Patent by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products, including server systems and enclosures, that utilize the above technology and associated software that infringes the Patents-in-Suit.  Atos has also infringed and is continuing to infringe the '271 Patent and the '274 by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products, including servers, that utilize drive technology and associated software that infringes the Patents-in-Suit.  Such Atos products include Atos servers, such as the BullSequana servers, including, but not limited to, BullSequana S series, BullSequana M series, BullSequana X series, Escala series, and BullSequana Edge series servers, as well as the Atos Edge Data Container.  Upon information and belief, these infringing Atos server products further include management modules, working with a Baseboard Management Controller to provide remote management capabilities.

## COUNT I
### (Infringement of the '274 Patent)

19. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '274 Patent.

21. Defendant has and continues to directly infringe the '274 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '274 Patent. Such products include server configurations where each server communicates independently of one another. Upon information and belief, such Atos products include at least Atos servers, such as the BullSequanna servers, including, but not limited to, BullSequana S series, BullSequana M series, BullSequana X series, Escala series, and BullSequana Edge series servers, as well as the Atos Edge Data Container, among other products.

22. For example, Defendant has and continues to directly infringe at least claim 1 of the '274 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing technology.

23. For example, the Atos BullSequana X1000 comprises a computer system. The Atos BullSequana X1000 comprises a chassis, having a plurality of slots thereon each configured for receiving one of a plurality of planar shaped circuit cards therein. The Atos BullSequana X1000 further comprises a shroud coupled to said chassis to form an enclosure about said plurality of planar shaped circuit cards. The plurality of planar shaped circuit cards is each configured for providing an independent dedicated server function. Each said plurality of planar circuit cards being configured so as to be free from any direct communication connection with any inter-card bus inside said enclosure.

24. Defendant has and continues to indirectly infringe one or more claims of the '274

6

Patent by knowingly and intentionally inducing others, including Atos customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology.

25. Defendant, with knowledge that these products, or the use thereof, infringe the '274 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '274 Patent by providing these products to end-users for use in an infringing manner.

26. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '274 Patent, but while remaining willfully blind to the infringement.

27. ServStor has suffered damages as a result of Defendant's direct and indirect infringement of the '274 Patent in an amount to be proved at trial.

28. ServStor has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '274 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '271 Patent)

29. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

30. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '271 Patent.

31. Defendant has and continues to directly infringe the '271 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each

and every limitation of one or more claims of the '271 Patent. Such products include server partitions that are separately addressed by distinct IP addresses. Upon information and belief, such Atos products include at least Atos servers, such as the BullSequanna severs, including, but not limited to, BullSequana S series, BullSequana M series, BullSequana X series, Escala series, and BullSequana Edge series servers, as well as the Atos Edge Data Container, among other products.

32. For example, Defendant has and continues to directly infringe at least claim 1 of the '271 Patent by making, using, offering to sell, selling, and/or importing into the United States infringing technology.

33. For example, the Atos BullSequana SA20 comprises a storage medium. The Atos BullSequana SA20 further comprises a network interface configured to couple the Atos BullSequana SA20 to a network. The Atos BullSequana S further comprises a storage element communicatively coupled to the storage medium and the network interface. Upon information and belief, the Atos BullSequana SA20's storage element is configured to receive, via the network interface, a request for a partition allocation, the request including a name. Upon information and belief, the Atos BullSequana SA20's storage element is further configured to create and allocate a partition of the storage medium based at least in part on the request. Upon information and belief, the Atos BullSequana SA20's storage element is further configured to obtain, from a dynamic host configuration protocol (DHCP) server, an internet protocol (IP) address for the partition of the storage medium. Upon information and belief, Atos BullSequana SA20's storage element is further configured to associate the name with the IP address.

34. Defendant has and continues to indirectly infringe one or more claims of the '271 Patent by knowingly and intentionally inducing others, including Atos customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering

to sell, selling, and/or importing into the United States products that include infringing technology, such as server partitions that are separately addressed by distinct IP addresses.

35. Defendant, with knowledge that these products, or the use thereof, infringe the '271 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '271 Patent by providing these products to end-users for use in an infringing manner.

36. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '271 Patent, but while remaining willfully blind to the infringement.

37. ServStor has suffered damages as a result of Defendant's direct and indirect infringement of the '271 Patent in an amount to be proved at trial.

38. ServStor has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '271 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
**(Infringement of the '010 Patent)**

39. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

40. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '010 Patent.

41. Defendant has directly infringed the '010 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '010 Patent. Such products include computer devices, such

as servers, that assess various computer status information. Upon information and belief, such Atos products include at least Atos servers, such as the BullSequanna servers, including, but not limited to, BullSequana S series, BullSequana M series, BullSequana X series, Escala series, and BullSequana Edge series servers, as well as the Atos Edge Data Container, among other products.

42.     For example, Defendant has indirectly infringed at least claim 6 of the '010 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include computers and servers with the capability to report various computer status information including, but not limited to, temperature, motor, and power status, among other features.

43.     For example, the Atos BullSequana S800 performs a method of monitoring a remote computer. The Atos BullSequana S800 performs the step of providing a remote computer, having a host CPU. The Atos BullSequana S800 performs the step of providing an administrator computer. The Atos BullSequana S800 performs the step of providing a first network connection between said remote computers and said administrator computer. The Atos BullSequana S800 performs the step of providing, on said remote computer, a management appliance with a microserver thereon for monitoring host computer monitoring web pages generated via said host CPU:

| SYSTEM MANAGEMENT | |
|---|---|
| BMC | IPMI 2.0 |
| Remote management | Standard via on-board iBMC (connection through the management port) |
| Management software | BMC (Server Hardware Console), IPMI 2.0, RedFish, Bull iCare, Bull Platform Manager |

[1]

44.     Defendant has indirectly infringed one or more claims of the '010 Patent by knowingly and intentionally inducing others, including Atos customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell,

---

[1] See: https://atos.net/wp-content/uploads/2017/11/FS_BullSequana_S200-800_specifications.pdf.

selling, and/or importing into the United States products that include infringing technology, such as servers that report computer status information.

45. Defendant, with knowledge[2] that these products, or the use thereof, infringe the '010 Patent at least as of the date of this Complaint, knowingly and intentionally induced direct infringement of the '010 Patent by providing these products to end-users for use in an infringing manner.

46. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '010 Patent, but while remaining willfully blind to the infringement.

47. ServStor has suffered damages as a result of Defendant's indirect infringement of the '010 Patent in an amount to be proved at trial.

## COUNT IV
### (Infringement of the '930 Patent)

48. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

49. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '930 Patent.

50. Defendant has indirectly infringed the '930 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using,

---

[2] Atos had knowledge of the Patents-in-Suit at least as of the filing of suits against their direct competitors alleging infringement of same. *See ServStor Technologies LLC v. Wiwynn Corporation*, Case No. 2:22-cv-00161 (E.D.T.X.); *ServStor Technologies LLC v. Quanta Computer Incorporated*, Case No. 2:22-cv-00162 (E.D.T.X.); *ServStor Technologies LLC v. Acer Inc.*, Case No. 2:22-cv-00221 (E.D.T.X.); *ServStor Technologies LLC v. NEC Corporation*, Case No. 2:22-cv-00249 (E.D.T.X.); *ServStor v. Fujitsu Ltd., et al*, Case No. 2:22-cv-00250 (E.D.T.X.). At the very least, Atos remained willfully blind to its infringement of the Patents-in-Suit.

offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '930 Patent. Such products include computer devices, such as servers, that assess various computer status information. Upon information and belief, such Atos products include at least Atos servers, such as the BullSequana servers, including, but not limited to, BullSequana S series, BullSequana M series, BullSequana X series, Escala series, and BullSequana Edge series servers, as well as the Atos Edge Data Container, among other products.

51. For example, Defendant has indirectly infringed at least claim 8 of the '930 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include computers and servers with the capability to report various computer status, including, but not limited to, temperature, motor, and power status, among other features.

52. For example, the Atos BullSequana S800 performs a method of monitoring a remote industrial computer. The Atos BullSequana S800 performs the step of providing a remote industrial computer, having a host CPU. The Atos BullSequana S800 performs the step of providing and administrator computer. The Atos BullSequana S800 performs the step of providing a first network connection between said remote industrial computer and said administrator computer. The Atos BullSequana S800 performs the step of providing, on said remote industrial computer, an alarm card with a micro-server thereon for monitoring web pages contained on said host CPU:

| SYSTEM MANAGEMENT | |
|---|---|
| BMC | IPMI 2.0 |
| Remote management | Standard via on-board iBMC (connection through the management port) |
| Management software | BMC (Server Hardware Console), IPMI 2.0, RedFish, Bull iCare, Bull Platform Manager |

[3]

---

[3] See: https://atos.net/wp-content/uploads/2017/11/FS_BullSequana_S200-800_specifications.pdf.

53. Defendant has indirectly infringed one or more claims of the '930 Patent by knowingly and intentionally inducing others, including Atos customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as computers and servers that assess a various computer status.

54. Defendant, with knowledge that these products, or the use thereof, infringe the '930 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '930 Patent by providing these products to end-users for use in an infringing manner.

55. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '930 Patent, but while remaining willfully blind to the infringement.

56. ServStor has suffered damages as a result of Defendant's indirect infringement of the '930 Patent in an amount to be proved at trial.

## COUNT V
### (Infringement of the '750 Patent)

57. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

58. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '750 Patent.

59. Defendant has indirectly infringed the '750 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '750 Patent. Such products include computer devices, such

as servers, that assess various computer status information. Upon information and belief, such Atos products include at least Atos servers, such as the BullSequanna servers, including, but not limited to, BullSequana S series, BullSequana M series, BullSequana X series, Escala series, and BullSequana Edge series servers, as well as the Atos Edge Data Container, among other products.

60. For example, Defendant has indirectly infringed at least claim 8 of the '750 Patent by making, using, offering to sell, selling, and/or importing into the United States products, such as computers and servers that assess various computer status information.

61. For example, the Atos BullSequana performs a method of monitoring a remote industrial computer. The Atos BullSequana S800 performs the step of providing a remote industrial computer, having a host CPU. The Atos BullSequana S800 performs the step of providing and administrator computer. The Atos BullSequana S800 performs the step of providing a first network connection between said remote industrial computer and said administrator computer. The Atos BullSequana S800 performs the step of providing, on said remote industrial computer, an alarm card with a server thereon for monitoring web pages contained on said host CPU:

| SYSTEM MANAGEMENT | |
|---|---|
| BMC | IPMI 2.0 |
| Remote management | Standard via on-board iBMC (connection through the management port) |
| Management software | BMC (Server Hardware Console), IPMI 2.0, RedFish, Bull iCare, Bull Platform Manager |

[4]

62. Defendant has indirectly infringed one or more claims of the '750 Patent by knowingly and intentionally inducing others, including Atos customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such

---

[4] See: https://atos.net/wp-content/uploads/2017/11/FS_BullSequana_S200-800_specifications.pdf.

as computers and servers that assess various computer status information.

63. Defendant, with knowledge that these products, or the use thereof, infringe the '750 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '750 Patent by providing these products to end users for use in an infringing manner.

64. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '750 Patent, but while remaining willfully blind to the infringement.

65. ServStor has suffered damages as a result of Defendant's indirect infringement of the '750 Patent in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ServStor prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of the '271 Patent and the '274 Patent;

c. An order awarding damages sufficient to compensate ServStor for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

   d. Entry of judgment declaring that this case is exceptional and awarding ServStor its costs and reasonable attorney fees under 35 U.S.C. § 285; and

   e. Such other and further relief as the Court deems just and proper.

Dated: March 13, 2023       Respectfully submitted,

               /s/ *Vincent J. Rubino, III*
               Alfred R. Fabricant
               NY Bar No. 2219392
               Email: ffabricant@fabricantllp.com
               Peter Lambrianakos
               NY Bar No. 2894392
               Email: plambrianakos@fabricantllp.com
               Vincent J. Rubino, III
               NY Bar No. 4557435
               Email: vrubino@fabricantllp.com
               **FABRICANT LLP**
               411 Theodore Fremd Avenue, Suite 206 South
               Rye, New York 10580
               Telephone: (212) 257-5797
               Facsimile: (212) 257-5796

               John Andrew Rubino
               NY Bar No. 5020797
               Email: jarubino@rubinoip.com
               Michael Mondelli III
               NY Bar No. 5805114
               Email: mmondelli@rubinoip.com
               **RUBINO IP**
               51 J.F.K. Parkway
               Short Hills, New Jersey 07078
               Telephone: (201) 341-9445
               Facsimile (973) 535-0921

               Justin Kurt Truelove
               Texas Bar No. 24013653
               Email: kurt@truelovelawfirm.com
               **TRUELOVE LAW FIRM, PLLC**
               100 West Houston Street
               Marshall, Texas 75670
               Telephone: (903) 938-8321
               Facsimile: (903) 215-8510

               ***ATTORNEYS FOR PLAINTIFF***

*SERVSTOR TECHNOLOGIES LLC*